FISCAL ASSOCIATES, INCORPORATED, PLAINTIFF-APPEL-
LANT, v. GRAY FURNITURE COMPANY, INC., DEFEND-
ANT-RESPONDENT.

Submitted October term, 1935—Decided May 15, 1936.

Before Justices HEHER and PERSKIE.

For the appellant, *Samuel A. Sharff*.

For the respondent, *Bennett A. Robbins* (*Morris L. Stern*,
of counsel).

PER CURIAM.

Plaintiff sued upon seven promissory notes, each in the
principal sum of $50, made by the defendant to the order of
American Neon Sign Company, Inc.  It was alleged that the
plaintiff is "a holder in due course;" but the notes were con-
cededly non-negotiable.  By endorsement thereon, payment
of each was made "subject to contract dated October 1st, 1933,
between American Neon Sign Company, Inc., and the Gray
Furniture Company, Inc., and to conditions of collateral
agreement which include guarantee of responsibility for any
violation of city ordinance due to erection."  This contract
provided for the erection of a neon sign upon defendant's
building; and the notes evidenced payments provided for
therein.

The District Court judge, sitting without a jury, found a

failure of consideration for the notes, and awarded judgment to the defendant.

The plaintiff, in contesting the action, pleaded that defendant, by its acts and conduct, was estopped from setting up the defense of failure of consideration as against plaintiff, and was likewise estopped from rescinding the contract *in toto*. The overruling of these defenses is now assigned for error.

Neither point has substance. Plaintiff was put upon notice, by the endorsement upon the notes, that the obligations were subject to the maker's contractual rights. No inquiry was made as to the specific rights thus reserved for future assertion; but it is contended that an estoppel arose under a letter forwarded by defendant to the sign company on January 8th, 1934, a copy of which was, at the request of plaintiff's counsel, sent to him three days later. This claim is untenable. The letter plainly stated that the construction work was faulty, and demanded that the defects be remedied, and that the sign be made to conform to the local ordinance. Moreover, there was evidence, credited by the District Court judge, that the president of the defendant corporation forwarded the letter at the request of the addressee, believing him to be counsel for the sign company, and not for the plaintiff. It was represented to defendant's president, so he testified, that the letter dispatched to the sign company three days earlier "had probably been misdircted in the mails," and the sign company desired a duplicate. We also find a factual basis for the finding of the District Court judge that defendant was justified in rescinding the contract.

Judgment affirmed, with costs.